Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1245 | **DATE** | 10/25/02 |
| **CASE TITLE** | Nissan Motor Co. Ltd. & Nissan North America, Inc. v. BMW (US) Holding Corp., BMW of North America LLC, & Bayerische Motoren Werke AG | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Dismiss (Doc. #10) & Defendants' Motion to Transfer (Doc. #11)

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss (Doc. #10) is DENIED. Defendants' motion to transfer to the District of New Jersey (Doc. #11) is DENIED.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 2 8 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 65 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. Dobrock | | | |
| JHC | courtroom deputy's initials | Date/time received in central Clerk's Office | OCT 2 8 2002 date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Nissan Motor Co., Ltd. and )
Nissan North America, Inc. )
)
    Plaintiffs, )
) No. 02 C 1245
    v. )
) Judge William J. Hibbler
BMW (US) Holding Corp., BMW of )
North America LLC, and Bayerische )
Motoren Werke AG )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, collectively referred to as Nissan, sued Defendants, collectively BMW, alleging trademark dilution, trademark infringement, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114(1) & 1125(a) & (c), as well as pendent state law trademark claims. Before the Court are Defendants' motion to dismiss and motion to transfer venue to the District of New Jersey. Both motions have been fully briefed and are ripe for adjudication. For the following reasons, the Court DENIES both motions.

### I. Factual Background[1]

Nissan holds a registered trademark for the letter "Z," and manufactures a line of automobiles using the Z trademark as an identifier. Although Nissan began distributing its Z-models within the United States in 1969 (starting with the 240Z), it did not register its trademark for the letter "Z" until 1990. In 1996, BMW designed a

---

[1] The statement of facts assumes that all well-pleaded facts in the Plaintiffs' complaint are true, as it is required to do when deciding a motion to dismiss. *Johnson v. Rivera*, 272 F.3d 519 (7th Cir.2002).

car to be used in the James Bond movie, *Goldeneye*, which it branded the "Z3." BMW sold and marketed its Z3 automobile in the United States during the 1996 model year. In 1998, BMW registered a trademark for the "Z3" mark. BMW has since registered additional marks, all in the form of the letter "Z" with a numeric suffix (hereinafter Z-suffix).

From 1996 until 2001, BMW marketed its automobiles using only by their model names, using the Z-suffix marks and did not promote their Z-suffix models using only the single letter "Z." In 2001, however, BMW altered its marketing strategy and began referring to the Z-suffix models as the "Z" series, using "Z" technology. Nissan then filed this complaint, alleging that BMW's use of the single letter "Z" to market the Z-suffix models violated the Lanham Act. BMW argues that Nissan's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the doctrine of laches bars Plaintiffs' complaint.[2]

## II. Standard of Review

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the complaint rather than the merits of the case. The Court must construe all allegations in the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir.1993). Defendants must meet a high standard to prove the complaint should be dismissed for the failure to state a claim upon

---

[2] Defendants also moved to dismiss Counts I, II, and VII of Plaintiffs' complaint because Nissan NA is not the holder of the trademarks at issue. Since that time, Nissan has joined Nissan Motor Company, Ltd., the holder of the trademarks, as an additional plaintiff in the case, and so the Court does not address this issue.

which relief could be granted, and a plaintiff's complaint should only be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Ordinarily, a motion to dismiss is not the appropriate vehicle to raise the defense of laches. *See Farries v. Stanadyne/Chicago Div.*, 832 F.2d 374, 376 (7th Cir. 1987) (converting motion to dismiss into a motion for summary judgment); *Topping v. Fry*, 147 F.2d 715 (7th Cir. 1945); *Svec v. Board of Trustees of Teamsters Local Union No. 727 Pension Fund*, 2002 WL 1559640, *2 (N.D. Ill. 2002); *Abbott Labs. v. CVS Pharmacy, Inc.*, 2001 WL 777060, *3 (N.D. Ill. 2001); 5 CHARLES ALAN WRIGHT & ARHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1277 (2d ed. 1987) ("For example, the defense of laches . . . involves more than the mere lapse of time and depends largely upon questions of fact. Thus, a complaint seldom will disclose facts clearly establishing the defense of laches and a motion to dismiss generally is not a useful vehicle for raising the issue. . . ."). Nevertheless, a defense of laches can be raised on a motion to dismiss where the elements of the defense appear on the face of the complaint. *Abbott Labs.*, 2001 WL 777060, at *3.

III. Discussion

Laches is an equitable defense that is "derived from the maxim that those who sleep on their rights, lose them." *Chattanoga Mfg., Inc. v. Nike, Inc.*, 301 F.3d 789, 792 (7th Cir. 2002). The two elements that the defendant must prove to support a finding of laches in the context of a trademark infringement case are: (1) inexcusable delay in taking action with respect to defendant's use; and (2) prejudice to the party asserting the defense. *Id.*; *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 820 (7th Cir. 1999); *Farries*, 832 F.2d at 378-79. Courts have used analogous state statute of limitations period as a baseline for determining whether a presumption of laches exists in Lanham Act cases.

*See Hot Wax, Inc.*, 191 F.3d at 821. The most analogous Illinois limitations period for causes of action under the Lanham Act is the three-year statute of limitations found in the Illinois Consumer Fraud and Deceptive Business Practices Act. *See Chattanoga Mfg., Inc.*, 301 F.3d at 793; 815 ILCS 505/10a(e).

BMW argues that Nissan admits in its complaint that it had knowledge of its use of the Z-suffix marks beginning in 1996, and its delay in bringing suit until 2002 creates a presumption of laches. But BMW's misreads Nissan's complaint. Nissan pleads that "until . . . 2001, BMW referred to the Z Branded Production Vehicles only by the model names 'Z3' and 'Z8,' and made no public promotional use of a single letter Z in reference to any of its vehicles." Nissan further pleads that beginning in or around 2001, BMW has "begun making widespread use of the single letter Z ...as part of marketing phrases such as "Z Series" and "Z Technology." Nissan points out that BMW itself distinguished the "Z3" trademark from Nissan's "Z" mark when it attempted to register the "Z3" trademark, it represented to the United States Patent and Trademark Office that "'Z' [was not] the dominant feature of [its] marks. In the case of the Registration No. 1,595,222 [Nissan's registration for Z] that is true because the letter 'Z' is the entire mark, but in the instant application the numeral as well as the letter 'Z' are of equal prominence."

The thrust of Nissan's complaint is that BMW's marketing of the Z-suffix model vehicles by using the single letter "Z" violates the Lanham Act. Nissan's complaint alleges that BMW began marketing the Z-suffix models with the single letter "Z" in or around 2001.[3] Nissan filed this suit

---

[3] BMW contends in its reply that it used the letter "Z" in phrases like "Z Series" and "Z Technology" on its website beginning in 1997 and submits in affidavit in support of its contention. (Brekus Decl. ¶ 17) Nissan submitted a competing affidavit that asserts that a search of BMW's archived web sites revealed that the earliest point at which BMW promoted its Z-suffix models with the single letter "Z" was October 2000. (Yates Decl. ¶ 6) These dueling

4

in 2002, well within the applicable state statute of limitations. The Court therefore finds that BMW has not shown that the elements of laches are present on the face of the complaint and its motion to dismiss is DENIED.

## IV. Venue

Also pending and fully briefed is BMW's motion to transfer the case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it may have been brought." 28 U.S.C. § 1404(a). Section 1404(a) vests district courts with broad discretion with respect to motions to transfer. *See ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 553-554 (7th Cir. 2001); *North Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 648 (7th Cir. 1998). As the movant, BMW has the burden of showing by reference to *particular circumstances* that "the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir.1986).

BMW makes much of the fact that the Plaintiffs have elected not to sue in their home forum. But the simple fact that the Northern District of Illinois is not the plaintiffs' home forum does not, in itself, provide clear evidence that the transferee forum is more convenient. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1291 (7th Cir. 1986) (upholding district court's decision

---

affidavits are precisely the reason why the defense of laches is not appropriate for resolution on a motion to dismiss. Even though the Court has the discretion to convert a motion to dismiss into a motion for summary judgment the Court declines to do so. Converting the motion to dismiss into one for summary judgment would not allow the Court to resolve the issue, as the affidavits, at least at this point in the litigation, create a genuine issue of material fact as to whether BMW began marketing its Z-suffix models using the letter "Z" in 1997 or 2000.

to abide by contractual forum-selection clause and to refuse transfer even where plaintiff had not selected its home forum and where defendants' witnesses were located in another forum).

BMW urges the Court to transfer the case to the District of New Jersey, the home forum of its two national defendants, because it would be more convenient for it to litigate the case in that district. BMW's principal reason for arguing for the transfer is that the documents and witnesses central to its defense and the case are located in New Jersey. Furthermore, BMW argues that Nissan has pointed to no key activities, documents, or witnesses that occurred or are located in the Northern District of Illinois.

Although the Court finds that many, if not all, of BMW's corporate witnesses are located in the District of New Jersey, the Court finds that other witnesses (such as the third-parties responsible for advertising and web site development) are located in New York, Minneapolis, and Dallas. In other words, many of the witnesses (or at least those referred to by BMW in its motion to transfer) are located in districts other than the District of New Jersey. True, they are not located in the Northern District of Illinois, but that does not mean that the District of New Jersey is more convenient for those witnesses. Furthermore, the Court observes that "[e]asy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas." *Board of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000); *see also Tice v. American Airlines, Inc.*, 162 F.3d 966, 969-970 (7th Cir. 1998) (upholding district court's refusal to transfer where most witnesses— including many plaintiffs—and physical evidence were located in another forum). Defendants' claim that the Northern District of Illinois is highly inconvenient and burdensome is thus overstated.

Most compelling, in this case, is the "interest of justice" component of § 1404(a). The "interest of justice" analysis relates to the efficient functioning of the courts. *See Coffey*, 796 F.2d at 221. One factor to consider in weighing the interests of justice is the familiarity with the applicable state law. *Id.* Nissan has asserted pendant state law claims, arising under Illinois common law and under the Illinois Unfair Trade Practices Act. Because Illinois law will be relevant in the resolution of the dispute, the Court finds that the interests of justice are best served by denying Defendants' motion to transfer to the District of New Jersey. *See id.* (holding that the "interest[s] of justice . . . may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result").

For the foregoing reasons, the Defendants' motion to transfer venue is DENIED.

Date: 10/25/02

William J. Hibbler, Judge
United States District Court

7